# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CR-47-HAB |
| | ) | (1:22-CV-438-HAB) |
| ANTONIO ARMOUR | ) | |

## OPINION AND ORDER

Presently before the court is Petitioner Antonio Armour's ("Armour") "Motion to Proceed In Forma Pauperis" on appeal [ECF No. 108] and his notarized statement filed in response to the Seventh Circuit Court of Appeals order in his appellate case, see *Armour v. United States,* 25-1100, Docket No. 3.  Armour is appealing this Court's November 6, 2024, Order denying his petition for relief under 28 U.S.C. §2255 and denying him a certificate of appealability. [ECF No. 103]. Towards that end, Armour filed a notice of appeal on January 21, 2025.

Because his appeal was filed beyond the time frame for such appeals, the Seventh Circuit instructed Armour to either seek an extension of time to file an appeal in the district court or, alternatively, to file a notarized statement in the Court of Appeals indicating the date that he deposited the notice of appeal in the prison's internal mail system no later than February 6, 2025. This Court is in receipt of Armour's notarized statement (ECF No. 109) and will direct the Clerk to forward that filing to the Seventh Circuit.

Armour also filed the present Motion for Leave to Appeal In Forma Pauperis. As a threshold matter, an appeal may not be taken *in forma pauperis* if the court determines that the appeal is not in good faith. 28 U.S.C. § 1915(a)(3). To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit.  *Walker v. O'Brien,* 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

As set forth in this Court's November 2024 Order, Armour's §2255 petition was based on his assertion that both counsel was ineffective by advising him to accept a binding plea and for not raising various other arguments related to his sentence. However, the Court soundly rejected these arguments based upon the substantial record in the case and determined that counsel's performance fell within the range of competent representation.  Thus, given the discussion in this Court's Opinion and Order denying s petition under §2255, it cannot be said that the issues presented in Armour's §2255 petition (and presumably on appeal) could be mistaken by a reasonable person as having any merit.  Accordingly, the court concludes that Armour's appeal is not taken in good faith. Armour's  request to proceed IFP on appeal is DENIED.

## <u>CONCLUSION</u>

Armour's appeal is not taken in good faith and his request to proceed IFP on appeal is DENIED. (ECF No. 108). The Clerk is DIRECTED to forward ECF No. 109 to the Clerk of the Seventh Circuit Court of Appeals as it was erroneously filed in this Court.

SO ORDERED on February 11, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT


Cc:    Seventh Circuit Court of Appeals
       Cause No. 25-1100